

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-10-00063-CV

─────────────

## IN THE INTEREST OF S.R. AND D.G., CHILDREN

─────────────

**From the 82nd District Court**
**Robertson County, Texas**
**Trial Court No. 08-05-18,111-CV**

─────────────

## MEMORANDUM  OPINION

─────────────

Christie C. appeals the trial court's judgment terminating the parent-child relationship between her and her children, S.R. and D.G.[1]  The trial court entered a judgment of termination based upon a jury verdict.  The jury charge set out three grounds for terminating Christie's parental rights:  (1) conditions or surroundings that endanger the children; (2) conduct that endangers the children; and (3) failure to comply with a court order.  TEX. FAM. CODE ANN. § 161.001(1)(D)(E)(O) (Vernon Supp. 2010).  The jury found by clear and convincing evidence that one or more of the alleged grounds for termination was established and that termination was in the best interest of the children.  We affirm the trial court's judgment terminating Christie C.'s parental rights to S.R. and D.G.

─────────────────────

[1]  This Court dismissed the appeal of S.R.'s father for want of prosecution on August 4, 2010.  D.G.'s father is not a party to this appeal.

Christie filed a statement of points on appeal that included thirty points of appeal. TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). On appeal to this Court, Christie alleges six issues on appeal that incorporate twenty-two points of error from her statement of points on appeal.

## EXPERT TESTIMONY

We will first address Christie's fourth issue on appeal that the trial court erred in admitting expert testimony. Christie contends that the Texas Department of Protective and Family Services failed to comply with her request for disclosure under TEX. R. CIV. P. 194.2 for three of the Department's expert witnesses. Christie further argues that the expert testimony was not reliable.

**Disclosure**

The Department called Wendy McDonald, Christie's therapist, as an expert witness. The Department timely designated McDonald as an expert witness, however, Christie objected at trial that the designation did not comply with the discovery request. Christie argued that she requested all of the information outlined in TEX. R. CIV. P. 194.2(f).

The designation provided the name, address, and phone number of all potential expert witnesses. The Department provided the therapy notes for McDonald, and Christie's counsel acknowledged that the trial court could find that the notes complied with the request for the subject matter of the expert testimony. Counsel specifically objected at trial that the Department did not provide a resume and bibliography for McDonald. Christie objected at trial to the expert testimony of Paul Johnson and Tammera Brown on the same basis without providing additional argument.

Rule 193.6(a) states that a party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce into evidence the material or information that was not timely disclosed, or offer the testimony of a witness who was not timely identified unless there was good cause for the failure to timely make, amend, or supplement the discovery request or if the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or prejudice other parties. A finding of good cause or lack of surprise must be supported by the record. TEX. R. CIV. P. 193.6(b).

The Department provided the names and contact information of the expert witnesses. The Department further provided therapy notes from the expert. McDonald and Johnson both provided therapy services to Christie and Brown provided therapy to D.G. A finding of lack of surprise or unfair prejudice may be implied from the trial court's ruling permitting the witness to testify. *Brunelle v. TXVT, Ltd. Partnership*, 198 S.W.3d 476, 479 (Tex. App.—Dallas 2006, no pet.). The trial court did not abuse its discretion by allowing the expert testimony of McDonald, Johnson, and Brown by impliedly finding Christie would not be unfairly surprised or prejudiced by the failure to provide a resume or bibliography.

**Reliability**

Christie further argues that the trial court erred in admitting the testimony of McDonald because the Department did not establish the reliability of her testimony. A trial court's decision to admit expert testimony is reviewed for an abuse of discretion. *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). The trial court abuses its discretion when it rules without regard to guiding rules and principles

of law.  *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).  The testimony of a qualified expert is generally admissible when scientific, technical, or other specialized knowledge will assist the fact finder in understanding the evidence, or to determine a fact issue.  TEX. R. EVID. 702.  The trial court has the gatekeeper function of ensuring that expert testimony is based on a reliable foundation, and is relevant to the issues in the case.  *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 728 (Tex. 1998).

When measuring the reliability of an expert's opinion in non-scientific fields, such as we have here, courts should consider whether:  (1) the field of expertise is a legitimate one; (2) the subject matter of the expert's testimony is within the scope of that field; and (3) the expert's testimony properly relies upon the principles involved in that field.  *See Taylor v. Texas Dept. of Protective and Regulatory Services*, 160 S.W.3d 641, 650 (Tex. App.—Austin 2005, pet. denied).

McDonald testified that psychology is an accepted field of practice, that she studied various theories and methods of psychology, and that she uses those theories and principles in her practice.  The trial court did not err in admitting McDonald's testimony.

Christie also complains that the trial court erred in admitting the testimony of Dr. Christina Clardy because the Department did not establish that her testimony was reliable.  Christie did not object to the reliability of Dr. Clardy's testimony at trial, and therefore, waived this complaint for appellate review.  TEX. R. APP. P. 33.1.  We overrule Christie's fourth issue on appeal.

In her first issue, Christie argues that in two instances the trial court erred in admitting hearsay.

**Prior Reports of Abuse and Neglect**

The Department presented evidence of Christie's previous history with the Department through Shelly Wright, a Department supervisor and custodian of records. Wright testified that she reviewed the case file for S.R. and D.G. Wright stated that the file included the history of all Department investigations for the family. Christie argues that the evidence was hearsay because Wright did not personally investigate the allegations and did not prepare the records.

The Department offered Wright's testimony as a Rule 803(6) business record exception to the hearsay rule. TEX. R. EVID. 803(6). The records, as such, were never admitted into evidence, and therefore Rule 803(6) is not applicable.

Wright testified about previous allegations of domestic abuse between Christie and her prior husbands and boyfriends, allegations of physical abuse and neglect of the children by Christie and the children's fathers, and an allegation of sexual abuse of S.R. by Christie's husband. Christie subsequently testified without objection to the substance of Wright's testimony including numerous investigations by the Department. Christie's attorney offered into evidence a "CPS Investigation Summary" referencing previous investigations. Christie testified about many instances of domestic abuse between her and her prior husbands and boyfriends, about allegations of physical abuse and neglect of S.R. and D.G., and about S.R.'s claim of sexual abuse. Christie admitted to drug and alcohol abuse by her previous husbands. Any error in admitting Wright's

testimony did not probably cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a).

**Business Records**

Christie further complains that the trial court erred in admitting the hearsay testimony of Leah Allen because the Department failed to establish the proper predicate under the business records exception of Rule 803(6) of the Texas Rules of Evidence. Rule 803 (6) states:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

The foundation for the business records exception has four requirements: (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the business activity to make the records; (3) the records were made at or near the time of the event that they record; and (4) the records were made by a person with knowledge who was acting in the regular course of business. *In the Interest of E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist] 2006, pet. den'd); *Powell v. Vavro, McDonald and Assocs., L.L.C.*, 136 S.W.3d 762, 765 (Tex. App.—Dallas 2004, no pet.).

The Department offered into evidence records from Wilson Drug detailing Christie's prescription drug history at the pharmacy. Allen testified by telephone that

she is a pharmacist and the owner of Wilson Drug and that she is the custodian of business records for the pharmacy. Allen stated that she transmitted the records and that the records were kept in the regular course of business for the pharmacy. The records contain a computer printout of all the prescriptions received by Christie in a certain timeframe and copies of the prescriptions. Some of the prescriptions were written by a physician and some prescriptions were phoned in and written on a prescription note by Allen.

Christie argues that the Department did not establish the proper predicate because some of the prescriptions were not personally written by Allen. Rule 803(6) does not require that the witness laying the predicate for admission of a document be the creator of the document or even an employee of the same company as the creator. TEX. R. EVID. 803(6); *In the Interest of E.A.K.*, 192 S.W.3d at 142. The witness does not even have to have personal knowledge of the information recorded in the document but need only have knowledge of how the records were prepared. *In the Interest of E.A.K.*, 192 S.W.3d at 142.

The pharmacy dispensed medication to Christie pursuant to the physician's directions and kept records of the prescriptions in the course of its regular business. Allen, as owner of the pharmacy, was the custodian of the records. The trial court did not err in admitting the business records. We overrule Christie's first issue on appeal.

### RELEVANCE

Christie complains in her sixth issue on appeal that the trial court erred in admitting the prior reports of abuse and neglect where the abuse had been "ruled out" or there was no finding of abuse. Christie specifically argues that Wright's testimony

concerning Christie's previous history with the Department was irrelevant and that any relevance was outweighed by the risk of unfair prejudice.

Christie objected at trial that Wright's testimony contained hearsay and that she was denied the right to cross-examine the person with knowledge of the facts because Wright had not investigated the allegations or prepared the reports. Christie did not object at trial to relevance or that any relevance was outweighed by the risk of unfair prejudice and has therefore not preserved her complaint for review. TEX. R. APP. P. 33.1. Moreover, Christie testified without objection to the substance of Wright's testimony and also admitted a summary of the Department's investigations. Any error in admitting evidence is cured where the same evidence comes in elsewhere without objection. *Benavides v. Cushman, Inc.*, 189 S.W.3d 875, 885 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We overrule Christie's sixth issue on appeal.

### EXTRANEOUS BAD ACTS

In her fifth issue on appeal, Christie complains of the trial court admitting evidence of extraneous bad acts by Christie and also of bad acts by third parties.

**DWI**

Christie testified that she was arrested for driving while intoxicated and that the charge is still pending. Christie contends that the trial court erred in allowing the evidence because she has not been convicted of the offense. Christie argues that the probative value of the evidence of arrest was substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403.

Because the best interest of the child must be the court's primary consideration in a suit affecting the parent-child relationship, Rule 403 is an extraordinary remedy that

must be used sparingly. *In re J.W.*, 113 S.W.3d 605, 612 (Tex. App.—Dallas 2003), *cert. den'd*, 543 U.S. 965 (2004). Evidence of arrests is admissible for the purpose of determining the best interest of the child. *In the Interest of K.L.R.*, 162 S.W.3d 291, 305 (Tex. App.—Tyler 2005, no pet.).

Evidence of Christie's drug or alcohol impairment while driving was relevant in determining whether she engaged in conduct that endangered the children and also in determining the best interest of the children. The probative value of that evidence was not substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403.

**Charges Against Third Persons**

The Department questioned Christie about the criminal history of her previous husbands and boyfriends. Christie testified to previous domestic abuse and drug and alcohol abuse by men with whom she had relationships. The Department alleged that Christie allowed the children to remain in conditions or surroundings which endangered their well-being, and that Christie placed the children with persons who engaged in conduct which endangered their well-being.

It is necessary to examine evidence related to the environment of the children to determine if the environment was the source of endangerment to the children's physical or emotional well-being. *In the Interest of J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). Abusive or violent conduct by a parent or other resident of a child's home may produce an environment that endangers the physical or emotional well-being of a child. *Id*. Parental and caregiver illegal drug use and drug-related criminal activity likewise supports the conclusion that the children's surroundings

endanger their physical or emotional well-being. *Id*. The trial court did not err in admitting the evidence.

**Limiting Instruction for Extraneous Offense**

Tammera Brown, D.G.'s therapist, testified at trial that D.G. told her that "there was a methamphetamine lab in the barn." Christie's trial counsel objected to hearsay and also to evidence of extraneous bad acts under TEX. R. EVID. 404(b). Trial counsel requested a limiting instruction, and the trial court denied the request at that point. Later during the examination, trial counsel asked Brown whether D.G. was afraid when Christie's boyfriend was there. Brown responded that D.G. mentioned that there was a methamphetamine lab. Trial counsel objected that the answer was nonresponsive, and the trial court sustained the objection. Trial counsel did not request a limiting instruction at that time and concluded his examination of Brown.

Trial counsel later argued that Brown's testimony violated a motion in limine. The trial court asked if trial counsel was requesting a limiting instruction, and trial counsel indicated that he was seeking an instruction. The trial court advised that it would "take that forward as far as preparing the Charge." The trial court refused to include the instruction in the charge. Christie argues on appeal that the trial court erred in refusing to give a limiting instruction at the time of the testimony or in the charge.

As previously stated, examining the home environment and evidence of illegal drug-use and drug-related criminal activity in the home is necessary in determining endangerment to the children. *In the Interest of J.T.G.*, 121 S.W.3d at 125. The trial court did not err in refusing the limiting instruction. We overrule Christie's fifth issue on appeal.

## SUFFICIENCY OF THE EVIDENCE

In her second and third issues on appeal, Christie complains that the evidence is legally and factually insufficient to support the predicate termination grounds and to support a finding that termination is in the best interest of the children. In her argument, Christie states that the trial court erred in admitting inadmissible and irrelevant evidence as discussed in her other issues on appeal. Christie specifically argues that but for the repeated abuse of discretion in allowing inadmissible evidence, the jury would have heard little to no evidence to support termination of her parental rights.

The jury found by clear and convincing evidence that one or more of the three alleged grounds for termination was established and that termination was in the best interest of the children. In her argument, Christie does not specifically challenge any of the three predicate grounds for termination, nor does she specifically challenge the finding that termination was in the best interest of the children. She argues only that the jury's findings on termination were based upon inadmissible evidence. The Department need only prove one ground for termination listed under TEX. FAM. CODE ANN. § 161.001(1) and that termination is in the best interest of the children. *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003). Because Christie does not specifically argue that the evidence is legally and factually insufficient for each of the alleged grounds for termination, she has waived her complaint for appeal. *See Toliver v. Tex. Dept. of Family and Protective Services*, 217 S.W.3d 85, 102-3 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Further, we have reviewed each of her allegations that evidence was erroneously admitted and overruled each issue. Accordingly we have not determined that any of

the objected to evidence was inadmissible or improper for the jury's consideration.  We

overrule Christie's second and third issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed December 8, 2010
[CV06]