IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00063-CV

 

In the
Interest of S.R. and D.G., Children

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 08-05-18,111-CV

 



MEMORANDUM  Opinion










 

            Christie C. appeals the trial court’s
judgment terminating the parent-child relationship between her and her
children, S.R. and D.G.[1]  The
trial court entered a judgment of termination based upon a jury verdict.  The
jury charge set out three grounds for terminating Christie’s parental rights:  (1)
conditions or surroundings that endanger the children; (2) conduct that
endangers the children; and (3) failure to comply with a court order.  Tex. Fam. Code Ann. §
161.001(1)(D)(E)(O) (Vernon Supp. 2010).  The jury found by clear and
convincing evidence that one or more of the alleged grounds for termination was
established and that termination was in the best interest of the children.  We
affirm the trial court’s judgment terminating Christie C.’s parental rights to
S.R. and D.G.

            Christie filed a statement of points
on appeal that included thirty points of appeal.  Tex. Fam. Code Ann. § 263.405(b) (Vernon 2008).  On appeal to this Court,
Christie alleges six issues on appeal that incorporate twenty-two points of
error from her statement of points on appeal.

Expert Testimony

            We will first address Christie’s
fourth issue on appeal that the trial court erred in admitting expert
testimony.  Christie contends that the Texas Department of Protective and
Family Services failed to comply with her request for disclosure under Tex. R. Civ. P. 194.2 for three of the
Department’s expert witnesses.  Christie further argues that the expert
testimony was not reliable.

Disclosure

            The Department called Wendy McDonald,
Christie’s therapist, as an expert witness.  The Department timely designated
McDonald as an expert witness, however, Christie objected at trial that the
designation did not comply with the discovery request.  Christie argued that
she requested all of the information outlined in Tex. R. Civ. P. 194.2(f).

The designation provided the name, address, and
phone number of all potential expert witnesses.  The Department provided the
therapy notes for McDonald, and Christie’s counsel acknowledged that the trial
court could find that the notes complied with the request for the subject
matter of the expert testimony.  Counsel specifically objected at trial that
the Department did not provide a resume and bibliography for McDonald. 
Christie objected at trial to the expert testimony of Paul Johnson and Tammera
Brown on the same basis without providing additional argument.

            Rule 193.6(a) states that a party who
fails to make, amend, or supplement a discovery response in a timely manner may
not introduce into evidence the material or information that was not timely
disclosed, or offer the testimony  of a witness who was not timely identified
unless there was good cause for the failure to timely make,  amend, or
supplement the discovery request or if the failure to timely make, amend, or
supplement the discovery response will not unfairly surprise or prejudice other
parties.  A finding of good cause or lack of surprise must be supported by the
record.  Tex. R. Civ. P.
193.6(b).  

            The Department provided the names and
contact information of the expert witnesses.  The Department further provided
therapy notes from the expert.  McDonald and Johnson both provided therapy
services to Christie and Brown provided therapy to D.G.  A finding of lack of
surprise or unfair prejudice may be implied from the trial court’s ruling
permitting the witness to testify.  Brunelle v. TXVT, Ltd. Partnership,
198 S.W.3d 476, 479 (Tex. App.—Dallas 2006, no pet.).  The trial court did not
abuse its discretion by allowing the expert testimony of McDonald, Johnson, and
Brown by impliedly finding Christie would not be unfairly surprised or
prejudiced by the failure to provide a resume or bibliography.

Reliability

            Christie further argues that the trial
court erred in admitting the testimony of McDonald because the Department did
not establish the reliability of her testimony.  A trial court's decision to
admit expert testimony is reviewed for an abuse of discretion.  E.I. du Pont
de Nemours & Co., Inc. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995). 
The trial court abuses its discretion when it rules without regard to guiding
rules and principles of law.  Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).  The testimony of a qualified expert is
generally admissible when scientific, technical, or other specialized knowledge
will assist the fact finder in understanding the evidence, or to determine a
fact issue.  Tex. R. Evid. 702. 
The trial court has the gatekeeper function of ensuring that expert testimony
is based on a reliable foundation, and is relevant to the issues in the case.  Gammill
v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 728 (Tex. 1998).

When measuring the reliability of an expert's
opinion in non-scientific fields, such as we have here, courts should consider
whether:  (1) the field of expertise is a legitimate one; (2) the subject
matter of the expert's testimony is within the scope of that field; and (3) the
expert's testimony properly relies upon the principles involved in that field. 
See Taylor v. Texas Dept. of Protective and Regulatory Services, 160
S.W.3d 641, 650 (Tex. App.—Austin 2005, pet. denied).

McDonald testified that psychology is an accepted
field of practice, that she studied various theories and methods of psychology,
and that she uses those theories and principles in her practice.  The trial
court did not err in admitting McDonald’s testimony.

Christie also complains that the trial court erred
in admitting the testimony of Dr. Christina Clardy because the Department did
not establish that her testimony was reliable.  Christie did not object to the
reliability of Dr. Clardy’s testimony at trial, and therefore, waived this
complaint for appellate review.  Tex. R.
App. P. 33.1.  We overrule Christie’s fourth issue on appeal.

 

Hearsay

            In her first issue, Christie argues
that in two instances the trial court erred in admitting hearsay.  

Prior Reports of Abuse and Neglect

The Department presented evidence of Christie’s
previous history with the Department through Shelly Wright, a Department
supervisor and custodian of records.  Wright testified that she reviewed the
case file for S.R. and D.G.  Wright stated that the file included the history
of all Department investigations for the family.  Christie argues that the
evidence was hearsay because Wright did not personally investigate the
allegations and did not prepare the records.  

The Department offered Wright’s testimony as a
Rule 803(6) business record exception to the hearsay rule.  Tex. R. Evid. 803(6).  The records, as
such, were never admitted into evidence, and therefore Rule 803(6) is not
applicable.  

Wright testified about previous allegations of
domestic abuse between Christie and her prior husbands and boyfriends,
allegations of physical abuse and neglect of the children by Christie and the
children’s fathers, and an allegation of sexual abuse of S.R. by Christie’s
husband.  Christie subsequently testified without objection to the substance of
Wright’s testimony including numerous investigations by the Department. 
Christie’s attorney offered into evidence a “CPS Investigation Summary”
referencing previous investigations.  Christie testified about many instances
of domestic abuse between her and her prior husbands and boyfriends, about
allegations of physical abuse and neglect of S.R. and D.G., and about  S.R.’s
claim of sexual abuse.  Christie admitted to drug and alcohol abuse by her
previous husbands.  Any error in admitting Wright’s testimony did not probably
cause the rendition of an improper judgment.  Tex.
R. App. P. 44.1(a).

Business Records

            Christie further complains that the trial court erred in admitting
the hearsay testimony of Leah Allen because the Department failed to establish
the proper predicate under the business records exception of Rule 803(6) of the
Texas Rules of Evidence.  Rule 803 (6) states:

A memorandum, report, record, or data compilation,
in any form, of acts, events, conditions, opinions, or diagnoses, made at or
near the time by, or from information transmitted by, a person with knowledge,
if kept in the course of a regularly conducted business activity, and if it was
the regular practice of that business activity to make the memorandum, report,
record, or data compilation, all as shown by the testimony of the custodian or
other qualified witness, or by affidavit that complies with  Rule 902(10),
unless the source of information or the method or circumstances of preparation
indicate lack of trustworthiness.  “Business” as used in this paragraph
includes any and every kind of regular organized activity whether conducted for
profit or not. 

 

            The foundation for the business records
exception has four requirements:  (1) the records were made and kept in the
course of a regularly conducted business activity; (2) it was the regular
practice of the business activity to make the records; (3) the records were
made at or near the time of the event that they record; and (4) the records
were made by a person with knowledge who was acting in the regular course of
business.  In the Interest of E.A.K., 192 S.W.3d 133, 141 (Tex. App.—Houston
[14th Dist] 2006, pet. den’d); Powell v. Vavro, McDonald and Assocs., L.L.C.,
136 S.W.3d 762, 765 (Tex. App.—Dallas 2004, no pet.). 

            The Department offered into evidence
records from Wilson Drug detailing Christie’s prescription drug history at the
pharmacy.  Allen testified by telephone that she is a pharmacist and the owner
of Wilson Drug and that she is the custodian of business records for the
pharmacy.  Allen stated that she transmitted the records and that the records
were kept in the regular course of business for the pharmacy.  The records
contain a computer printout of all the prescriptions received by Christie in a
certain timeframe and copies of the prescriptions.  Some of the prescriptions
were written by a physician and some prescriptions were phoned in and written
on a prescription note by Allen.  

            Christie argues that the Department
did not establish the proper predicate because some of the prescriptions were
not personally written by Allen.  Rule 803(6) does not require that the witness
laying the predicate for admission of a document be the creator of the document
or even an employee of the same company as the creator.  Tex. R. Evid. 803(6); In the
Interest of E.A.K., 192 S.W.3d at 142.  The witness does not even have to
have personal knowledge of the information recorded in the document but need
only have knowledge of how the records were prepared.  In the Interest of
E.A.K., 192 S.W.3d at 142.  

            The pharmacy dispensed medication to
Christie pursuant to the physician’s directions and kept records of the
prescriptions in the course of its regular business.  Allen, as owner of the
pharmacy, was the custodian of the records.  The trial court did not err in
admitting the business records.  We overrule Christie’s first issue on appeal.

Relevance

            Christie complains in her sixth issue
on appeal that the trial court erred in admitting the prior reports of abuse
and neglect where the abuse had been “ruled out” or there was no finding of
abuse.  Christie specifically argues that Wright’s testimony concerning
Christie’s previous history with the Department was irrelevant and that any
relevance was outweighed by the risk of unfair prejudice.  

Christie objected at trial that Wright’s testimony
contained hearsay and that she was denied the right to cross-examine the person
with knowledge of the facts because Wright had not investigated the allegations
or prepared the reports.  Christie did not object at trial to relevance or that
any relevance was outweighed by the risk of unfair prejudice and has therefore
not preserved her complaint for review.  Tex.
R. App. P. 33.1.  Moreover, Christie testified without objection to the
substance of Wright’s testimony and also admitted a summary of the Department’s
investigations.  Any error in admitting evidence is cured where the same
evidence comes in elsewhere without objection.  Benavides v. Cushman, Inc.,
189 S.W.3d 875, 885 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  We overrule
Christie’s sixth issue on appeal.

Extraneous Bad Acts

            In her fifth issue on appeal, Christie
complains of the trial court admitting evidence of extraneous bad acts by
Christie and also of bad acts by third parties.  

DWI

            Christie testified that she was arrested for driving while
intoxicated and that the charge is still pending.  Christie contends that the
trial court erred in allowing the evidence because she has not been convicted
of the offense.  Christie argues that the probative value of the evidence of
arrest was substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  

Because the best interest of the child must be the
court's primary consideration in a suit affecting the parent-child
relationship, Rule 403 is an extraordinary remedy that must be used sparingly. 
In re J.W., 113 S.W.3d 605, 612 (Tex. App.—Dallas 2003), cert. den’d,
543 U.S. 965 (2004).  Evidence of arrests is admissible for the purpose of
determining the best interest of the child.  In the Interest of K.L.R.,
162 S.W.3d 291, 305 (Tex. App.—Tyler 2005, no pet.).  

Evidence of Christie’s drug or alcohol impairment
while driving was relevant in determining whether she engaged in conduct that
endangered the children and also in determining the best interest of the
children.  The probative value of that evidence was not substantially
outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  

Charges Against Third Persons

            The Department questioned Christie about the criminal history of her
previous husbands and boyfriends.  Christie testified to previous domestic
abuse and drug and alcohol abuse by men with whom she had relationships.  The Department
alleged that Christie allowed the children to remain in conditions or
surroundings which endangered their well-being, and that Christie placed the
children with persons who engaged in conduct which endangered their well-being.

            It is necessary to examine evidence
related to the environment of the children to determine if the environment was
the source of endangerment to the children's physical or emotional well-being. 
In the Interest of J.T.G., 121 S.W.3d 117, 125 (Tex. App.—Fort Worth
2003, no pet.).  Abusive or violent conduct by a parent or other resident of a
child's home may produce an environment that endangers the physical or
emotional well-being of a child.  Id.  Parental and caregiver illegal
drug use and drug-related criminal activity likewise supports the conclusion
that the children's surroundings endanger their physical or emotional
well-being.  Id.  The trial court did not err in admitting the evidence.

Limiting Instruction for Extraneous Offense

            Tammera Brown, D.G.’s therapist, testified at trial that D.G. told
her that “there was a methamphetamine lab in the barn.”  Christie’s trial
counsel objected to hearsay and also to evidence of extraneous bad acts under Tex. R. Evid. 404(b).  Trial counsel
requested a limiting instruction, and the trial court denied the request at
that point.  Later during the examination, trial counsel asked Brown whether
D.G. was afraid when Christie’s boyfriend was there.  Brown responded that D.G.
mentioned that there was a methamphetamine lab.  Trial counsel objected that
the answer was nonresponsive, and the trial court sustained the objection. 
Trial counsel did not request a limiting instruction at that time and concluded
his examination of Brown.  

            Trial counsel later argued that
Brown’s testimony violated a motion in limine.  The trial court asked if trial
counsel was requesting a limiting instruction, and trial counsel indicated that
he was seeking an instruction.  The trial court advised that it would “take
that forward as far as preparing the Charge.”  The trial court refused to
include the instruction in the charge.  Christie argues on appeal that the
trial court erred in refusing to give a limiting instruction at the time of the
testimony or in the charge.  

            As previously stated, examining the home
environment and evidence of illegal drug-use and drug-related criminal activity
in the home is necessary in determining endangerment to the children.  In
the Interest of J.T.G., 121 S.W.3d at 125.  The trial court did not err in
refusing the limiting instruction.  We overrule Christie’s fifth issue on
appeal.  

Sufficiency of the
Evidence

            In her second and third issues on
appeal, Christie complains that the evidence is legally and factually
insufficient to support the predicate termination grounds and to support a
finding that termination is in the best interest of the children.  In her
argument, Christie states that the trial court erred in admitting inadmissible
and irrelevant evidence as discussed in her other issues on appeal.  Christie
specifically argues that but for the repeated abuse of discretion in allowing
inadmissible evidence, the jury would have heard little to no evidence to
support termination of her parental rights.  

The jury found by clear and convincing evidence
that one or more of the three alleged grounds for termination was established
and that termination was in the best interest of the children.  In her
argument, Christie does not specifically challenge any of the three predicate
grounds for termination, nor does she specifically challenge the finding that
termination was in the best interest of the children.  She argues only that the
jury’s findings on termination were based upon inadmissible evidence.  The
Department need only prove one ground for termination listed under Tex. Fam. Code Ann. § 161.001(1) and that termination is in the best
interest of the children.  In re A.V., 113 S.W.3d 355, 361 (Tex. 2003). 
Because Christie does not specifically argue that the evidence is legally and
factually insufficient for each of the alleged grounds for termination, she has
waived her complaint for appeal.  See Toliver v. Tex. Dept. of Family and
Protective Services, 217 S.W.3d 85, 102-3 (Tex. App.—Houston [1st Dist.]
2006, no pet.).  Further, we have reviewed each of her allegations that evidence
was erroneously admitted and overruled each issue.  Accordingly we have not
determined that any of the objected to evidence was inadmissible or improper
for the jury’s consideration.  We overrule Christie’s second and third issues
on appeal. 

Conclusion

We affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed December 8, 2010

[CV06] 









[1]  This Court dismissed the appeal of S.R.’s father
for want of prosecution on August 4, 2010.  D.G.’s father is not a party to
this appeal.