**Reversed and Remanded and Majority and Dissenting Opinions filed December 14, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00094-CV

---

## KRISTEN C. HITCHCOCK TAKARA, AS REPRESENTATIVE AND INDEPENDENT ADMINISTRATIX OF THE ESTATE OF REUBEN BLAIR HITCHCOCK, Appellant

## V.

## ANDREW JACKSON, Appellee

---

**On Appeal from the 20th District Court
Milam County, Texas
Trial Court Cause No. CV39023**

---

## D I S S E N T I N G   O P I N I O N

I respectfully disagree with Part II of the majority opinion. We review a trial court's decision to allow the late disclosure of a witness for an abuse of discretion. *Mid Continent Lift & Equip., LLC v. J. McNeill Pilot Car Serv.*, 537 S.W.3d 660, 671–72 (Tex. App.—Austin 2017, no pet.). Given the facts before the trial court, there was no abuse of discretion. The trial court had ample evidence before it to

support its conclusion that there was no unfair surprise. The majority opinion simply chooses to ignore that evidence.

### A.   Insufficient Designation Rather Than an Untimely One

The majority analyzes the case as an untimely designation rather than as an insufficient designation. The majority discounts the agreement for the extension of discovery because it was not a filed Rule 11 agreement. But counsel for Takara did not deny the agreement existed. Takara's brief even focuses on the insufficiency of the designation, not its timing. The designation lacked a phone number—that Takara had—and an address—that Takara knew. It stated that she was a neighbor of Hitchcock and Jackson.

Takara's brief also focuses on the fact that she did not know what the witness was going to say. That is not the standard for disclosures. When designating fact witnesses, former rule 194.2(e)[1] required a "brief statement of each identified person's connection with the case." Designating a fact witness as "sister," "mother," or "social worker" is sufficient. *Van Heerden v. Van Heerden,* 321 S.W.3d 869, 876 (Tex. App.—Houston [14th Dist.] 2010, no pet.). A designation as neighbor for a fact witness is sufficient. The trial court could well have concluded that the designation was sufficient.

### B.   No Unfair Surprise

Next the majority discounts the fact that Takara discussed McElwrath in her deposition (taken months before trial) because a copy of the deposition was not tendered to the court. Yet once again, there was no denial by counsel for Takara— and in fact it was clear from Takara's trial testimony that she had indeed discussed McElwrath in her deposition.

---

[1] Now Rule 194.2(b)(5).

At the time of the hearing on the motion to exclude,[2] Takara had already testified. Takara discussed McElwrath in her trial testimony. She knew that McElwrath was the daughter of the property owners, whose property Hitchcock lived on. When Hitchcock was in the hospital following his fall at Jackson's property, Takara asked McElwrath to bring one of Hitchcock's dogs to the hospital to visit him. Takara also testified that she talked to McElwrath "multiple times throughout all of this." Takara knew that McElwrath had been to the hospital to visit Hitchcock and she had asked her to go visit to see if he would respond to her. Takara spoke to her after the visit and McElwrath thought that he had responded but the nurse told her that he had not.

Jackson's counsel pointed out that that Takara was aware Hitchcock lived on McElwrath's parents' property. Jackson's counsel stated that, during Takara's inspection of Jackson's property, Takara and her attorney "went over to Mrs. McElwrath's house," which was located close to Hitchcock's trailer, on her parents' property.

Without citing a single comparable case, the majority concludes: " These bare bases do not satisfy Jackson's burden to show that McElwrath's untimely disclosure would not unfairly prejudice or unfairly surprise Takara." The majority is simply substituting its own opinion for the trial court's opinion. This is not the proper test for an "abuse of discretion."

Takara knew that McElwrath had knowledge of relevant facts about Hitchcock, including where he lived, how he lived on her parents' property, his

---

[2] The main reason to exclude—cited in Takara's motion as to prejudice—focused on whether or not Hitchcock had children and other financial documents that were disclosed late. The trial court excluded that information from the jury.

condition at the hospital, and his love of his dogs. This is enough to support the trial judge's decision. *See Brunelle v. TXVT Ltd. P'ship*, 198 S.W.3d 476, 479 (Tex. App.—Dallas 2006, no pet.) (concluding that party was not unfairly surprised when it had previous contact with the witness and knew the witness had knowledge of relevant events). The trial court did not abuse its discretion in allowing the witness to testify.

## C. No Harm

Finally I disagree with the majority's harm analysis. McElwrath's testimony was cumulative of Jackson's. Even Takara in her reply brief characterizes McElwrath's testimony as "bolstering" all of Jackson's claims. "A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). And "this court ordinarily will not reverse a judgment for erroneous rulings on admissibility of evidence when the evidence in question is cumulative and not controlling on a material issue dispositive to the case." *Id.*

All of McElwrath's testimony was cumulative on the important issues in the case. Even if the court erred in admitting her testimony, it was harmless.

I respectfully dissent.


/s/     Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant. (Hassan, J., majority).

4